# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT AMAYA,

           Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

Case No. 5:16-CV-00588 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In September of 2012, Plaintiff Robert Amaya applied for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through his attorney, Judith S. Leland, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On December 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 19).

## II. BACKGROUND

Plaintiff applied for DIB and SSI benefits on September 13 and 24, 2012, respectively. (T at 187, 209).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 13, 2014, a hearing was held before ALJ Kyle Andeer. (T at 30). Plaintiff appeared with his attorney and testified. (T at 34-44, 46-58). The ALJ also received testimony from Jeanine Metildi, a vocational expert, (T at 66-71) and Candace Marlowe, a lay witness. (T at 60-64).

On October 21, 2014, the ALJ issued a written decision denying the applications for benefits. (T at 7-29). The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

Commissioner's final decision on February 24, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On March 31, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on August 16, 2016. (Docket No. 15). The parties filed a Joint Stipulation on December 12, 2016. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

### III. DISCUSSION

**A.   Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in

1  evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational
2  interpretation, the Court may not substitute its judgment for that of the
3  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th
4  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be
5  set aside if the proper legal standards were not applied in weighing the evidence and
6  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d
7  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the
8  administrative findings, or if there is conflicting evidence that will support a finding
9  of either disability or non-disability, the finding of the Commissioner is conclusive.
10  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

11  **C.   Commissioner's Decision**

12  The ALJ determined that Plaintiff had not engaged in substantial gainful
13  activity since August 24, 2012, the alleged onset date, and met the insured status
14  requirements of the Social Security Act through June 30, 2016 (the "date last
15  insured"). (T at 12). The ALJ found that Plaintiff's degenerative joint disease of
16  bilateral knees, cervical and lumbar spine degenerative disc disease, substance abuse
17  disorder (in early remission), and affective disorder were "severe" impairments
18  under the Act. (Tr. 12).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), with the following limitations: he needs the opportunity to alternative between sitting and standing throughout the workday; stand for 45 minutes at a time, with a 5 minute break; no climbing of ladders, ropes or scaffolds; only occasional climbing of stairs, occasional balancing, stooping, crouching; no kneeling or crawling; only simple, routine work of a repetitive nature in a low stress environment (i.e. an environment with only occasional decision making or judgment and only occasional changes); and only occasional interaction with the public and co-workers. (T at 21-22).

The ALJ concluded that Plaintiff could not perform his past relevant work as a construction worker. (T at 22). Considering Plaintiff's age (51 years old on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 23).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 24, 2012 (the alleged onset date)

and October 24, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 24). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 20, at p. 3), Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he challenges the ALJ's step five analysis. Second, Plaintiff contends that the ALJ did not adequately assess the medical opinion evidence. Third, he challenges the ALJ's credibility determination. This Court will address each argument in turn.

### IV. ANALYSIS

**A.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in

substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

Here, the ALJ relied on the vocational expert's testimony at step five and concluded that there were jobs that exist in significant numbers that Plaintiff can perform. (T at 22).

Plaintiff challenges the ALJ's reliance on the vocational expert opinion, arguing that the ALJ was obliged to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").[2] In particular, the ALJ asked about a hypothetical claimant with Plaintiff's RFC, which included the need for a sit/stand option. The vocational expert identified three jobs such a claimant could perform: bench assembler, office helper, and electronics worker. The vocational expert reduced the number of available of bench assembler positions by 50% because of the need to alternate between sitting and standing. (T at

---

[2] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

67-68). The ALJ did not ask the vocational expert whether her testimony was consistent with the DOT.

It is well-settled that the ALJ has a duty to inquire about "any possible conflict" between the vocational expert's testimony and the DOT. *See* SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). If there is such a conflict, the ALJ may accept the vocational expert's testimony only if there is "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).

Cases involving the need for a "sit/stand" option are complicated by the fact that the DOT does not address the subject. *See Wester v. Colvin*, No. 14-1212, 2015 U.S. Dist. LEXIS 100542, 2015 WL 4608139, at *4 (C.D. Cal. July 31, 2015) ("The DOT provides no information regarding the availability of a sit/stand option or other need to shift positions between sitting and standing during the workday for any of the jobs it covers.").

As such, the question presented is whether the vocational expert's testimony that a hypothetical claimant could perform certain jobs even though he needed a sit/stand option "conflicts" with the DOT, which is silent on the subject.

There is no controlling Ninth Circuit authority on point and the courts are divided. *Compare Buckner-Larkin v. Astrue*, 450 F. App'x 626, 628-29 (9th Cir. 2011)(unpublished)(holding that vocational expert adequately addressed "conflict" between at-will sit/stand option and DOT), *Lorigo v. Colvin*, No. 13-cv-0045, 2014 U.S. Dist. LEXIS 54418 (E.D. Cal. Apr. 18, 2014)(holding that VE's testimony "encapsulat[ing] a sit/stand option automatically deviated from the DOT"), *Valenzuela v. Astrue*, No. C 08-04001 WHA, 2009 U.S. Dist. LEXIS 46249 (N.D. Cal. June 2, 2009)(finding "potential[]" conflict between sit/stand requirement and VE's testimony and remanding because ALJ did not ask whether VE's testimony was consistent with DOT); *with Dewey v. Colvin*, No. 13-36086, 2016 U.S. App. LEXIS 9655 (9th Cir. May 26, 2016)(unpublished)(finding "no conflict" because "the DOT is silent on whether the jobs in question allow for a sit/stand option"); *Gilmour v. Colvin*, No. 1:13-cv-0553 BAM, 2014 U.S. Dist. LEXIS 103891, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014)(finding no conflict regarding sit/stand requirement given DOT's silence); *Aguilar v. Colvin*, No. ED CV 15-00576-DFM, 2016 U.S. Dist. LEXIS 123501 *5 (C.D. Cal. Sept. 12, 2016)(same).

This Court agrees with the decisions (including the most recent unpublished decision from the Ninth Circuit) finding that there can be no conflict between the vocational expert's testimony and the DOT where, as here, the DOT is silent on the

subject in question. *See e.g.*, *Dewey*, 2016 U.S. App. LEXIS 9655; *Doty v. Colvin*, No. CV 15-00507, 2016 U.S. Dist. LEXIS 35618, at *15 (C.D. Cal. Mar. 18, 2016) (collecting cases and "agree[ing] with the decisions from other circuits and district courts that have found no conflict when the DOT is silent about a particular mental or physical requirement"); *Strain v. Colvin*, CV 13-01973, 2014 U.S. Dist. LEXIS 76395 at *5 (C.D. Cal. June 2, 2014)("Because the DOT does not address the subject of sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT. Furthermore, the VE's testimony based on the sit/stand restriction does not conflict with the DOT but instead provides 'more specific information than is contained in the DOT . . . .'")(citation omitted).

Moreover, even if there was such a conflict, the ALJ provided adequate support for his step five determination. Plaintiff raises no challenge to the credentials or expertise of the vocational expert, Ms. Metildi, who is a certified rehabilitation counselor and certified disability management specialist. (T at 168). When discussing the work the hypothetical claimant could perform, Ms. Metildi explained that she had reduced (or "eroded") her estimate of the number of available positions to account for sit/stand requirement. (T at 67). In other words, when determining whether the jobs in question existed in significant numbers in the national economy, the vocational expert accounted for the sit/stand option, and

concluded that such jobs did exist in significant numbers, notwithstanding that limitation. (T at 67).

Thus, to the extent any arguable conflict existed between the vocational expert's testimony and the DOT, that conflict was adequately addressed by the ALJ. *See Bowen v. Colvin*, No. 2:14-cv2015, 2015 U.S. Dist. LEXIS 119414, at *11-12 (E.D. Cal. Sept. 8, 2015) ("A number of courts have found that where the VE has reduced the number of available jobs to account for the sit/stand option, any error stemming from such testimony is rendered harmless.").

This Court accordingly finds no error as to this aspect of the ALJ's decision.

## B.  Medical Source Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. Ariz. 2014)

In this case, Dr. Swapnil Rajurkar, a treating physician, opined that Plaintiff could not perform "strenuous activity," but could "carry out light or sedentary work …." (T at 533). The ALJ gave "some weight" to Dr. Rajurkar's opinion. (T at 19). This Court finds the ALJ's consideration of this treating physician opinion flawed and concludes that a remand is required.

Although Dr. Rajurkar opined that Plaintiff could perform "light" work, the examples provided in his assessment suggest he was referring to work with less significant demands than "light work," as defined in the Social Security context. For example, Dr. Rajurkar referenced "office work" and "light house work," which would seem to equate more closely with sedentary work and greater limitation than the RFC assessed by the ALJ.

The ALJ believed the reference to "light" work was supportive of the RFC determination and, thus, gave "some weight" to Dr. Rajurkar's opinion. (T at 19). If the ALJ had provided some explanation for his interpretation of Dr. Rajurkar's assessment, which this Court finds ambiguous for the reasons stated above, then that explanation would be entitled to deference under the applicable standard of review. However, no such explanation was provided. Instead, the ALJ's consideration of Dr. Rajurkar's opinion was quite brief and conclusory. (T at 19).

The Commissioner contends that the RFC determination is support by the other evidence of record, including, in particular, the opinions of the consultative internist and non-examining State Agency review physicians. However, the ALJ gave "less weight" to the opinion of Dr. Ruben Ustaris, the consultative internist, and "less weight" to the non-examining State Agency review consultants. (T at 19). Although these non-treating providers generally opined that Plaintiff could perform

some level of light work (T at 18-19, 76, 99-100, 111-12, 381-82), the treating physician's opinion was presumptively entitled to greater weight and the ALJ did give adequate consideration to that opinion for the reasons stated above.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

This duty includes an obligation to re-contact a treating physician when the basis for his or her opinion is unclear. *See* SSR 96-5p ("[I]f the evidence does not support a treating source's opinion . . . and the [ALJ] cannot ascertain the basis of the opinion from the case record, the [ALJ] must make every reasonable effort to re-contact the source for clarification of the reasons for the opinion."). While a treating physician's opinion may be rejected if it is inadequately supported, the physician should be re-contacted where, as here, the evidence of disability is ambiguous. *See Estrada v. Astrue*, No EDCV 07-01226, 2009 U.S. Dist. LEXIS 15824, at *11 (C.D. Cal. Feb. 25, 2009).

On remand, the ALJ should consider re-contacting Dr. Rajurkar for clarification regarding the scope of the assessed limitation. At the very least, if the ALJ is inclined to find Dr. Rajurkar's existing opinion supportive of the RFC determination, a further explanation must be provided regarding the basis for that conclusion.

### C. Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (T at 17). However, the ALJ's credibility determination was impacted by the decision to discount Dr. Rajurkar's treating physician opinion. (T at 19). That decision was not adequately explained for the reasons stated above. As such, the question of credibility will need to be revisited on remand after further development of the record and reconsideration of the treating physician's opinion.

**D.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. The treating physician's opinion is ambiguous; the consultative examiner and State Agency review consultants provide some support for a conclusion that Plaintiff is not disabled. As such, because it is not clear from the record that Plaintiff is disabled, a remand for further proceedings is the appropriate remedy. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 23rd day of December, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE